# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN EDMOND, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 17-2611 |
| UNITED STATES OF AMERICA et al., | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

This is John Edmond's sixteenth pro se case, his fifth against the U.S. Postal Service or its employees. Like others before it, it alleges some interesting facts. For one, Edmond claims that he handwrote his complaint "because coconspirators United States Postal Service and Drug Enforcement Administration have hacked into the routers that control [his] cell phone and computer" and that he lacks evidence "because the coconspirators hacked into the computer and erased it." Compl. ¶ 11, ECF No. 1. He further claims the Postal Service and other federal entities violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights for the past twelve years by fraudulently charging his credit cards and tracking him with light aircraft in connection with a nationwide investigation involving the DEA, the Los Angeles Department of Power & Water, the director of a Los Angeles veterans hospital, and a Mercedes Benz dealership. Pl.'s Opp'n Mot. Sum. J. ¶¶ 3-4, ECF No. 12; Letter from John Edmond to Natalie Bonanno, Chief Counsel, Fed. Compliance, U.S. Postal Serv. 1 (June 1, 2018), ECF No. 11-2 Ex. G. More recently, Edmond claims the Postal Service confiscated his correspondence with Maxine Waters, Eric Holder, and Barack Obama, rerouting it to the DEA. *See* Letter from John

Edmond to U.S. Postal Serv., Freedom of Info. Act Requester Serv. Ctr. Field 1-2 (July 10, 2017), ECF No. 11-2 Ex. A.

In July 2017, Edmond filed a FOIA request to the Postal Service seeking "a copy of the United States Postal Services (USPS) file that it has compiled of John Edmond." *Id.* at 1. The Postal Service responded with a letter advising Edmond his request lacked "sufficient detail to allow for the ready identification and retrieval of the desired documents." Letter from Brenda Rahe, Gov't Info. Specialist, U.S. Postal Serv. 1 (Aug. 7, 2017), ECF No. 11-2 Ex. B. The letter suggested additional information he could provide to meet his burden of reasonably describing the desired record, including providing its subject matter, a date range, or other geographic locations where it could be. *Id.* (citing 5 U.S.C. § 552(a)(3)(A)). After thirty days with no response, the Postal Service terminated Edmond's request. *See* Letter from Brenda Rahe, Gov't Info. Specialist, U.S. Postal Serv. (Sept. 7, 2017), ECF No. 11-2 Ex. C.

Edmond appealed. *See* Letter from John Edmond to Gen. Counsel, U.S. Postal Serv. (Oct. 4, 2017), ECF No. 11-2 Ex. D. In his appeal letter, he further described the requested file,

> direct[ing] the FOIA researchers to the Los Angeles, California field office where the data shows the DEA conspired with the Greater West Los Angeles, California Veteran Affairs Hospital Director Donna Beiter. . . . The file would also reflect where the DEA accessed Edmond's Bank of America account as well as hacking into cell phones, I pads [sic] and other electronic devices.

*Id.* at 1. After considering this additional information, the Postal Service concluded it "does not maintain the records [Edmond] requested," provided contact information for the DEA and Department of Veterans Affairs' FOIA departments, and affirmed the decision to close his request. Letter from Natalie Bonanno, Chief Counsel, Fed. Compliance, U.S. Postal Serv., to John Edmond 2 (May 7, 2018), ECF No. 11-2 Ex. F.

2

Having exhausted his administrative remedies, Edmond turned to this Court for relief. But the government moved for summary judgment, arguing it properly terminated Edmond's request since it did not adequately describe the records sought. The Court agrees.

"[S]ummary judgment is proper if . . . 'there is no genuine issue as to any material fact . . . [and] the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party identifies a valid basis for summary judgment, the opposing party must identify "specific facts showing there is a genuine issue for trial." *Id.* at 323-24 (internal quotation marks omitted) (quoting Rule 56(e)). To succeed, the opposing party must also produce evidence allowing a reasonable factfinder to find in its favor. *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007).

Because Edmond does not identify any disputed facts bearing on his request's specificity, this case turns on whether his request for "a copy of the United States Postal Services (USPS) file that it has compiled of John Edmond" satisfied his legal burden to "reasonably describe[]" the records sought. § 552(a)(3)(A). Although the government must "construe a FOIA request liberally," *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995), the government still must be able "to determine 'precisely what records [are] being requested.'" *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982) (quoting S. Rep. No. 854, at 10 (1974)) (describing this as "the linchpin inquiry"). So to reasonably describe a record, a FOIA request must alert the agency what has "been requested and the nature of the information sought." *Id.* For context, the Court of Appeals has said a request failing to describe "the subject matter, location and form of materials sought" would be unreasonable. *See McGehee v. C.I.A.*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). And even requests describing these details may still be unreasonable if they remain so broad as to "impose an unreasonable burden upon the

3

agency." *Am. Fed'n of Gov't Emps., Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990) (holding unreasonable a search "requir[ing] the agency to locate, review, redact, and arrange for inspection a vast quantity of material").

Here, Edmond failed to reasonably describe his request. A generalized request for the Postal Service's file on a single individual does little to identify the record's subject matter, location, or form. Indeed, it presumes the existence of a file the Postal Service swears it doesn't maintain. *See* Decl. Janine Castorina ¶ 13, ECF No. 11-1. And even if the Postal Service did keep the type of file Edmond seeks, locating it would require individually searching the Postal Service's approximately 35,000 facilities, doubtlessly an unreasonably imposition. *Id.* at ¶ 15. Since he offers only a bald request for "a copy of the United States Postal Services['s] (USPS) file" on him, Edmond falls short of his burden to adequately describe his request.

The Court **GRANTS** the government's motion [11] for summary judgment and **DISMISSES** the case with prejudice.

Date: November 19, 2018

_____
Royce C. Lamberth
United States District Judge

4